# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LUIS GALEGO,

    Plaintiff,

vs.

RENEE BAKER, et al.,

    Defendants.

Case No. 3:12-CV-00043-RCJ-(VPC)

**ORDER**

    Plaintiff, who is a prisoner in custody at the Ely State Prison, has submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay the filing fee through monthly installments. 28 U.S.C. § 1915(b)(2). The court has reviewed the complaint, and the court will dismiss this action.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

Plaintiff alleges that officials at the Ely State Prison are not giving him the necessary treatment for arthritis in plaintiff's knee and ankle. The court is no stranger to these allegations. The court takes judicial notice of Galego v. Scott, 3:10-CV-00758-ECR-(VPC). Plaintiff raised the same issues in that action, although involving different officials at a different prison. Magistrate Judge Valerie P. Cooke determined that plaintiff's arthritis was not an objectively serious medical need, and that even if the arthritis was a serious medical need, the treatment that plaintiff is receiving is not deliberately indifferent to that need. The court adopted Judge Cooke's findings and granted summary judgment for the defendants and against plaintiff. Although the defendants in this action are different, the allegations of deliberate indifference are the same, and the complaint is meritless for the same reason. Furthermore, much of the complaint appears to take issue with the court's granting of summary judgment in Galego v. Scott. Federal rules of procedure provide methods for obtaining relief from an adverse judgment. Plaintiff may not commence a new civil action simply because he disagrees with the judgment in an earlier action.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

1  This order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas
2  at government expense.
3       IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
4  Department of Corrections shall pay to the Clerk of the United States District Court, District of
5  Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #92606), in the
6  months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.
7  The clerk shall send a copy of this order to the finance division of the clerk's office. The clerk shall
8  also send a copy of this order to the attention of the chief of inmate services for the Nevada
9  Department of Corrections, P.O. Box 7011, Carson City, NV 89702.
10       IT IS FURTHER ORDERED that the clerk of the court file the complaint.
11       IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice for failure to
12  state a claim upon which relief can be granted. The clerk of the court shall enter judgment
13  accordingly.
14       Dated:  This 23rd day of February, 2012.

                                                  _____
                                                  ROBERT C. JONES
                                                  Chief United States District Judge